IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THADDEUS H. TURNER,

      Petitioner,

v.                                       CIVIL ACTION NO. 2:06cv111
                                             (Judge Stamp)

DOMINIC GUTIERREZ,

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 25, 2007, the Honorable Robert E. Maxwell entered an Order adopting the undersigned's Report and Recommendation and granting in part the petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. More specifically, the Order directed the Bureau of Prisons ("BOP") to reconsider the petitioner for CCC placement in accordance with the five factors set forth in 18 U.S.C. § 3621(b). On November 1, 2007, the petitioner filed a pleading which indicated that the respondent had failed to reconsider his CCC placement as directed by the Court. Accordingly, the petitioner requested that the respondent be found in contempt and be required to comply with the Court's Order issued on September 25, 2007.

On November 5, 2007, the undersigned issued an Order to Show Cause, and on November 13, 2007, the respondent filed a response. The response indicated that pursuant to the Court's Order, the petitioner's case manager had conducted a new CCC placement review considering the five factors set forth in 18 U.S.C. § 3621(b). That referral, dated October 5, 2007, recommended a CCC placement for a period off thirty to sixty days, and does, in fact, set forth consideration of the required five factors. (Doc. 22).

On February 25, 2008, the respondent filed a Supplemental Response To Show Cause Order which indicates that the respondent was transferred to a CCC on February 12, 2008. Therefore, the respondent asserts that the Motion to Compel should be dismissed as moot.

## . II. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his Motion To Compel, the petitioner sought an order directing the petitioner to comply with the September 25, 2007 Order and "document whether or not [he] meets the Five Factors for six (6) months [CCC] placement consideration. To the extent that the petitioner sought an Order from the Court directing that he be granted the full six months halfway house placement, that is simply not relief that this Court is capable of granting. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 251 ( "that the BOP may assign a prisoner to a CCC does not mean that it must"); see also Crahan v. Adams, 2004 WL 4020190 *17 (S.D.W.Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a halfway house for the full six months). To the extent that the petitioner sought an Order compelling the respondent to consider his CCC placement giving the required consideration of the five factors, the respondent's reply to the Show Cause Order with its attached exhibits establishes that said consideration had been given even before the petitioner's Motion to Compel was filed. Accordingly, the petitioner's Motion to Compel is moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's Motion to Compel (Doc. 17) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: February 28, 2008

        /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE